UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | MDL No. 1945 |
| SISTERS OF CHARITY OF THE BLESSED VIRGIN MARY, DUBUQUE IOWA,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC.,<br><br>Defendants. | Civil Action No. 09-3487-RJH |

**DEFENDANTS STATE STREET BANK AND TRUST COMPANY
AND STATE STREET GLOBAL ADVISOR INC.'S
<u>ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Defendants Street Bank and Trust Company ("SSBT") and State Street Global Advisors (collectively, "State Street")[1] for their Answer to Plaintiff's First Amended Complaint (the "Amended Complaint"), hereby state as follows:

1.     Admitted that the Sisters of Charity of the Blessed Virgin Mary ("Plaintiff") directed State Street to invest its funds in a commodities strategy known as the Enhanced Dow Jones-AIG Commodities Strategy ("the Commodities Strategy" or the "Strategy"). State Street says that the relationship between State Street and Plaintiff is set forth in written documents that speak for themselves, and that the allegation that State Street acted as a fiduciary for Plaintiff is a

---

[1] The Complaint incorrectly names State Street Global Advisors, Inc., as a defendant. State Street Global Advisors, Inc., is a holding company with no connection to the allegations of the Complaint and should be dismissed as a party defendant. *See* paragraph 12, *infra*.

legal conclusion to which no answer is required.  State Street further denies the remaining facts and allegations of paragraph numbered 1.

2.     State street admits that the Commodities Strategy was known as the "Enhanced Dow Jones-AIG Commodities Strategy," and says that the Strategy's investment objective was set forth in written documents that speak for themselves.

3.     State Street admits that the residual cash balances for "good faith" deposits required by the Commodities Strategy were invested in the Limited Duration Bond Fund ("LDBF").  State Street says that the quoted language in paragraph numbered 3 is purportedly set forth in written documents that speak for themselves, and to the extent that these written documents differ from the allegations of paragraph numbered 3, State Street denies the same, and further denies that either LDBF or the Commodities Strategy belonged to the group of funds known as "core bond" strategies as that term is used in paragraph numbered 3, and otherwise denies the remaining allegations in paragraph numbered 3.

4.     Denied.

5.     State Street states that the term "leveraged" in paragraph numbered 5 is vague, and denies that financial or "notional" leverage necessarily constitutes a meaningful measure of risk in the context of portfolio management.  State Street says that, in accordance with fund declarations, State Street did invest LDBF assets in, among other things, derivatives, mortgage-related securities, and asset-backed securities, and otherwise denies the remaining allegations in paragraph numbered 5.

6.     State Street states that Plaintiff's use of the term "summer of 2007" is vague, states that during the third quarter of 2007, during a period of unprecedented market volatility and illiquidity, certain active fixed income funds that State Street managed, including LDBF,

performed below their benchmark indices, and otherwise denies the remaining allegations in paragraph numbered 6.

7.  Denied.

8.  The allegations of paragraph numbered 8 state legal conclusions to which no answer is required.

9.  The allegations of paragraph numbered 9 state legal conclusions to which no answer is required.

10. State Street denies that it entered into any agreement with Plaintiff in 2004, says that in June 2005 it entered into an Agreement of Trust with Plaintiff, which is a written document and therefore speaks for itself, and further says that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 10.

11. State Street says that SSBT is a chartered Massachusetts trust company with its principal place of business in Boston, Massachusetts, and admits that SSBT is a wholly-owned subsidiary of State Street Corporation, a public registered financial holding company.

12. State Street says that named defendant State Street Global Advisors, Inc., is a Delaware corporation and a wholly-owned subsidiary of State Street Corporation that has no connection to the allegations in the Amended Complaint, and further says that State Street Global Advisors ("SSgA"), the investment management division of SSBT, is not the same as State Street Global Advisors, Inc., and is not a separate legal entity but rather a division of SSBT.  State Street further says that SSgA has a principal place of business in Boston, Massachusetts, and otherwise denies the remaining allegations of paragraph numbered 12.

13. State Street states that Plaintiff's use of the term "spring of 2005" is vague, and

states that during the first six months of 2005, State Street and Plaintiff's consultant, DiMeo Schneider & Associates, LLC ("DiMeo Schneider" or "Consultant"), had discussions regarding a possible investment by Plaintiff.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining facts and allegations of paragraph numbered 13.

14. State Street admits that SSgA provided materials on the Commodities Strategy to Plaintiff.  State Street says that the quoted language in paragraph 14 comes from written documents that speak for themselves, and to the extent that these written documents differ from the allegations of paragraph numbered 14, State Street denies the same.

15. State Street says that the materials referenced in paragraph numbered 15 are written documents that speak for themselves, and to the extent that these written documents differ from the allegations of paragraph numbered 15, State Street denies the same.  State Street specifically denies that the materials described the Limited Duration Bond Fund as unleveraged.

16. State Street says that the terms and objectives of Plaintiff's investment in the Commodities Strategy, including the terms governing investment of funds provided by Plaintiff, are set forth in a written document that speaks for itself, and admits that an investment in futures requires the posting of a "good faith" deposit, and that residual cash collateral in the Strategy was invested in the Limited Duration Bond Fund.

17. State Street says that the materials quoted in paragraph numbered 17 are written documents that speak for themselves, and to the extent that these written documents differ from the allegations of paragraph numbered 17, State Street denies the same.

18. State Street says that the materials referenced in paragraph numbered 18 are written documents that speak for themselves, and to the extent that these written documents differ from the allegations of paragraph numbered 18, State Street denies the same.

19.     State Street admits that SSBT entered into an Agreement of Trust with Plaintiff on or about June 2, 2005 (the "Agreement of Trust"), and admits that State Street invested the assets received from Plaintiff, and further says that the investment objective was "to attempt to outperform the performance of the Dow Jones-AIG Commodities Index" as stated in the Agreement of Trust.  State Street further says that the Agreement of Trust referenced in the first two sentences of paragraph numbered 19 is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 19, State Street denies the same.  State Street further says that the second sentence of paragraph numbered 19 states legal conclusions as to which no answer is required.  State Street is without knowledge or information sufficient to form a belief as to the truth of the remaining facts and allegations of paragraph 19.

20.     State Street says that the Agreement of Trust referenced in paragraph numbered 20 is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 20, State Street denies the same.  State Street admits that it had investment discretion as to the Commodities Strategy and LDBF, and otherwise denies the remaining allegations of paragraph numbered 20.

21.     State Street says that it provided Plaintiff's consultant, DiMeo Schneider, with a copy of the First Amended and Restated State Street Bank and Trust Company Global Managed Common Trust Funds Declaration of Trust (the "Declaration of Trust").

22.     State Street says that the Declaration of Trust is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 22, State Street denies the same, and otherwise denies the remaining allegations of paragraph numbered 22.

23. State Street says that the Declaration of Trust is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 23, State Street denies the same, further says that the remaining allegations in paragraph numbered 23 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

24. State Street says that, in reference to the unnumbered paragraph beneath paragraph numbered 23 (presumably intended to be paragraph numbered 24), the Declaration of Trust is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph intended to be numbered 24, State Street denies the same.

25. State Street states that the term "leveraged" in paragraph numbered 25 is vague, denies any implication that financial or "notional" leverage necessarily is commensurate with an increase in risk, says that LDBF has at times invested in, among other things, asset-backed securities and mortgage-backed securities, and further denies the remaining allegations in paragraph numbered 25.

26. State Street denies the allegations in the first sentence of paragraph numbered 26, admits the second sentence of paragraph numbered 26, that State Street invested LDBF assets in ABX indices, further says that the ABX index is a series of credit default swaps based on 20 bonds that consist of U.S. subprime mortgages issued over a 6-month period, further says that written materials previously provided to Plaintiff stated that LDBF utilized an expanded universe of securities, including derivative instruments such as "swaps," and otherwise denies the remaining allegations of paragraph numbered 26.

27. State Street states that the word "leveraged" in the second sentence of paragraph

numbered 27 is vague, denies that in the context of portfolio management, financial or "notional" leverage necessarily constitutes a meaningful measure of risk, and further denies the remaining facts and allegations in paragraph numbered 27.

28. Denied.

29. Denied.

30. State Street admits that it sent a letter to Plaintiff on or about August 2, 2007, which is written and therefore speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 30, denied, and further denies the remaining allegations in paragraph numbered 30.

31. State Street says that the letter referenced in paragraph numbered 31 is a written document that speaks for itself, and to the extent that this written document differs from the allegations of paragraph numbered 31, denied.

32. State Street hereby incorporates the answers set forth in paragraphs 1-32 above as if fully set forth herein.

33. State Street says that the allegations in paragraph numbered 33 state a legal conclusion to which no answer is required.

34. Denied.

35. State Street says that the allegations in paragraph numbered 35 state legal conclusions to which no answer is required, but to the extent an answer is required, denied, and further says that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph numbered 35.

36. Denied.

37. State Street says that the allegations in paragraph numbered 37 state legal

conclusions to which no answer is required.

      38.     Denied.

      39.     Denied.

      40.     Denied.

      41.     Denied.

      42.     State Street hereby incorporates the answers set forth in paragraphs numbered 1-41 above as if fully set forth herein.

      43.     State Street admits that the Agreement of Trust between State Street and Plaintiff provides that "the trust hereby created shall be in all respects governed by the laws of Massachusetts," and otherwise denies the remaining allegations of paragraph numbered 43.

      44.     Denied.

      45.     Denied.

      46.     State Street hereby incorporates the answers set forth in paragraphs numbered 1-45 above as if fully set forth herein.

      47.     Denied.

      48.     State Street says that it invested Plaintiff's funds by purchasing units of the Commodities Strategy, further says that the terms "leverage," "highly concentrated," and "risk budget" in paragraph numbered 48 are vague, denies the allegations in parts (c) and (d) in paragraph numbered 48, and further says that the remaining allegations in paragraph numbered 48 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

      49.     Denied.

      50.     State Street hereby incorporates the answers set forth in paragraphs numbered 1-

49 above as if fully set forth herein.

 51. State Street says that the allegations in paragraph numbered 51 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

 52. Denied.

 53. Denied.

 54. Denied.

 55. State Street says that the allegations in paragraph numbered 55 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

 56. State Street hereby incorporates the answers set forth in paragraphs numbered 1-55 above as if fully set forth herein.

 57. Denied.

 58. State Street says that the allegations in paragraph numbered 56 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

 59. Denied.

 60. State Street hereby incorporates the answers set forth in paragraphs numbered 1-59 above as if fully set forth herein.

 61. State Street says that it offered and sold units of the Commodities Strategy to Plaintiff, denies that it sold units of the LDBF to Plaintiff, and says that the remaining allegations in paragraph numbered 61 state legal conclusions to which no answer is required, but to the extent required, denied.

 62. State Street says that the allegations in paragraph numbered 62 state legal conclusions to which no answer is required.

 63. State Street says that the terms "leverage," "highly concentrated," and "risk

budget" in paragraph numbered 63 are vague, denies the allegations in parts (c) and (d) of paragraph numbered 63, and says that the allegations in paragraph numbered 63 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

64. State Street says that the phrase "the untruths or omissions" in paragraph numbered 64 is vague, and further states that it is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 64.

State Street denies each and every allegation of the Amended Complaint to which it has not specifically admitted or otherwise responded herein.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2. The Amended Complaint is barred insofar as Plaintiff has named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

3. The Amended Complaint is barred, in whole or in part, because of incorrect choice of law.

4. The Amended Complaint is barred, in whole or in part, by Plaintiff's own conduct.

5. The Amended Complaint is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

6. The Amended Complaint is barred, in whole or in part, by Plaintiff's own negligence.

7. The Amended Complaint is barred, in whole or in part, because Plaintiff has failed, refused and/or neglected to mitigate or avoid damages it allegedly incurred as a result of

State Street's alleged breaches.

8. The Amended Complaint is barred, in whole or in part, by the actions or inactions of third parties.

9. The Amended Complaint is barred, in whole or in part, by the doctrine of ratification.

10. The Amended Complaint is barred, in whole or in part, because Plaintiff is not as a matter of law entitled to the forms of relief it seeks in this action.

11. The Amended Complaint is barred, in whole or in part, because Plaintiff suffered no damages as a result of State Street's alleged breaches of fiduciary duty.

12. Plaintiff's claims are barred, in whole or in part, because it did not rely upon State Street's alleged failures to disclose or alleged misrepresentations.

13. The Amended Complaint is barred, in whole or in part, by the assumption of risk.

14. State Street reserves the right to assert additional affirmative defenses.

Dated: September 1, 2009                     Respectfully submitted,

                                                    ROPES & GRAY LLP

By: /s/ Robert A. Skinner
Harvey J. Wolkoff
Robert A. Skinner
Lila A. Palmer
One International Place
Boston, MA 02110
Tel: 617-951-7000
Fax: 617-951-7050
Harvey.Wolkoff@ropesgray.com
Robert.Skinner@ropesgray.com
Lila.Palmer@ropesgray.com

*Attorneys for Defendant*
*State Street Bank and Trust Company and*
*Defendant State Street Global Advisors, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2009, I caused a true and correct copy of the foregoing document to be served upon all registered users through the Court's Electronic Case Filing system and upon the all counsel of record by e-mail.

                                               /s/ Lila A. Palmer
                                               Lila A. Palmer